**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
_____
                                    :
IKE JACOBSON,                       :
                                    :  Civil Action No. 12-1258 (ES)
              Petitioner,           :
                                    :
              v.                    :  MEMORANDUM OPINION AND ORDER
                                    :
UNITED STATES OF AMERICA,           :
                                    :
              Respondent.           :
_____ :
```

**SALAS, District Judge**:

    This matter comes before the Court upon Petitioner's filing a *coram nobis* petition (*see* D.E. No. 1), and it appearing that:

1. Petitioner, a removable alien whose immigration "proceedings [are] based[,] at least in part, on his 1989 conviction for conspiracy to defraud a bank," is asserting that said conviction violated the holding of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). (D.E. No. 1-1 at 2-4). In support of his position, Petitioner asserts that *Padilla* is retroactively applicable on collateral review. (*See id.* at 9-14).

2. The Supreme Court recently ruled, however, that *Padilla* does not have retroactive effect. *See Chaidez v. United States*, --- U.S. ----, 133 S. Ct. 1103, 1105 (2013) ("We conclude that, under the principle set out in *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect [regarding

cases already final on direct review]"). Here, Petitioner's conviction was finalized in 1989--more than two decades prior to the entry of *Padilla*. Thus, any constitutional or legal claim that Petitioner might have had based on the purported retroactive effect of *Padilla* is invalid as a matter of law.

IT IS, therefore, on this 5th day of April, 2013,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that the Petition (D. E. No. 1) is DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by means of facsimile delivery;[1] and it is finally

ORDERED that the Clerk shall close the file on this matter.

*s/ Esther Salas*
**Esther Salas,**
**United States District Judge**

---

[1] The notice of appearance filed by Petitioner's counsel provided the Clerk with counsel's facsimile number but not with electronic messaging address. (*See* D.E. No. 5). Similarly, Petitioner's counsel's notice of change of address provided the Clerk with counsel's facsimile but not with electronic address. (*See* D.E. No. 7).